**LEADING PERFUMERS & CHEMISTS, Inc., v. CAMPBELL, Federal Prohibition Administrator, et al.**

District Court, S. D. New York. December 27, 1927.

Lewis Landes, of New York City, for plaintiff.

Charles H. Tuttle, U. S. Atty., of New York City (U. S. Grant, Asst. U. S. Atty., of New York City, of counsel), for defendants.

KNOX, District Judge. It is most unfortunate that the delay of this proceeding in the office of the Prohibition Administrator should have occurred. A permittee which is charged with violation of either the Prohibition Law (27 USCA) or the regulations promulgated in relation thereto, and whose permit has been temporarily revoked, should know its status as soon as is reasonably possible. Very often, large sums of money, as well as other matters of importance, are involved, and unnecessary delay in disposing of cases is not only hurtful, but may, if the permittee is unjustly accused, be destructive of a legitimate business.

That, however, is not, in my opinion, a result of the delay that here took place. In other words, the record satisfies me not only that the revocation proceedings were justified, but that the charges made against the permittee are amply supported by the evidence. I shall not undertake to state and weigh the testimony. All of it has been read, and while much of the evidence is of a circumstantial nature, the circumstances are persuasive. When there is added to them the discrepancies appearing in the permittee's record book, there appears to be slight, if any, doubt as to the propriety of the action of the prohibition authorities in revoking the permit.

As the right to revoke the permit was dependent upon the testimony before the Commissioner or his agent, Remick Products Co. v. Mills (C. C. A.) 22 F.(2d) 477, and as that testimony is before the court, and has been considered, there is no need to retain plaintiff's complaint for final hearing. It will be dismissed.